Filed 10/31/24 In re A.G. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re A.G. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> I.H., <br><br> Defendant and Appellant. | D084442 <br><br> (Super. Ct. Nos. EJ4749A-C) |

APPEAL from an order of the Superior Court of San Diego County, Gary M. Bubis, Judge. Conditionally reversed and remanded with directions.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Evangelina Woo, Deputy County Counsel, for Plaintiff and Respondent.

I.H. (Mother) appeals from a juvenile court order terminating her parental rights. (Welf. & Inst. Code, § 366.26.)[2] Her sole contention on appeal is the San Diego County Health and Human Services Agency (Agency) did not comply with its inquiry duties under the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) and section 224.2.

Mother contends the Agency's duty of further inquiry was triggered when paternal relatives reported the family had connections with the Blackfoot tribe in Oklahoma. Because there is no Blackfoot or Blackfeet tribe in Oklahoma, the Agency sent inquiry letters to at least 45 tribes that might be implicated. The Agency concedes that the record does not contain sufficient documentation of its further inquiry efforts with those tribes, and that this constitutes error warranting conditional reversal. Indeed, based on the record, it appears only one tribe responded, stating the children were not members of that tribe.

Because the record does not contain substantial evidence to support the juvenile court's findings that ICWA did not apply and its implied finding that proper and adequate inquiry had been made, we conditionally reverse the order terminating parental rights with a limited remand for the Agency to comply with ICWA and the inquiry requirements of section 224.2, document its inquiry in compliance with California Rules of Court, rule 5.481(a)(5), and if necessary, comply with the notice provision of section 224.3. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141.)

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory references are to the Welfare and Institutions Code.

DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for compliance with the inquiry and notice requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court thereafter finds a proper and adequate further inquiry and due diligence has been conducted and concludes ICWA does not apply (§ 224.2, subd. (i)(2)), then the court shall reinstate the order terminating parental rights. If the juvenile court concludes ICWA applies, then it shall proceed in conformity with ICWA and California implementing provisions. (See 25 U.S.C. § 1912(a); §§ 224.2, subd. (i)(1), 224.3, 224.4.) Remittitur shall issue immediately.

HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


CASTILLO, J.